UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES PARIS JOHNSON, | ) |
| | ) |
| *Petitioner*, | ) |
| | ) |
| v. | ) No.: 3:13-CV-737-PLR-CCS |
| | ) |
| DAVID SEXTON, Warden, | ) |
| | ) |
| *Respondent*. | ) |

## **MEMORANDUM OPINION**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought by Tennessee inmate, James Paris Johnson ("Petitioner"). Petitioner alleges that he is being confined illegally, under an expired sentence, following his 2008 Campbell County, Tennessee conviction by a jury for aggravated assault and public intoxication [Doc. 1]. For these offenses, Petitioner received twelve years for the assault and thirty days for the public intoxication, to be served concurrently [Doc. 1]. Petitioner has also filed a Motion for Production of Documents [Doc. 18], asking the state to produce an opinion entered by the Tennessee Court of Criminal Appeals on December 29, 2010. Respondent has responded in opposition, arguing that no new opinion was filed on that date [Doc. 19].

Respondent[1] has filed a motion to dismiss the petition, arguing that Petitioner's petition is time-barred under § 2244(d)(1) [Doc. 11]. Respondent has filed copies of

---

[1] Respondent has also filed a motion to withdraw counsel [Doc. 17], stating that Attorney Andrew H. Smith is no longer employed with the Attorney General's Office. For good cause shown, and in light of the previous notice appearance by Attorney

the state record, along with a brief in support of his motion [Addenda Nos. 1–2]. Petitioner has responded in opposition to Respondent's motion to dismiss, arguing that his petition should be deemed timely because he did not have legal representation when the state filed a petition to rehear to the Tennessee Court of Criminal Appeals ("TCCA") and, as such, was never "personally notified" of the petition [Doc. 14]. Furthermore, Petitioner argues that he suffered from health issues, including a heart attack on October 7, 2013, which prevented him from timely filing his federal habeas petition [Doc. 2].

For the reasons provided below, Petitioner's motion for production of documents [Doc. 18] will be **DENIED**, and Respondent's motion to dismiss [Doc. 11] will be **GRANTED**. Petitioner's petition will be **DISMISSED** as time-barred.

I.  **PROCEDURAL HISTORY**

On September 15, 2010, Petitioner's convictions were affirmed on direct appeal by the TCCA. *State v. Johnson*, No. E2008-02555-CCA-R3-CD, 2010 WL 3565761 (Tenn. Crim. App. Sept. 15, 2010). However, the TCCA remanded the case for re-sentencing on the aggravated assault conviction, finding error in Petitioner being sentenced as a Range III, persistent offender. *Id.* at * 18. The state filed a petition for rehearing on September 27, 2010, on the issue of Petitioner's sentencing [Doc. 19]. The TCCA granted the state's petition to rehear on October 5, 2010, and simultaneously entered an order vacating it's September 15, 2010 decision remanding the case for re-

Michael Stahl on behalf of the Respondent, this motion will be **GRANTED**. The clerk will be **DIRECTED** to remove Attorney Andrew H. Smith as counsel of record for Respondent.

sentencing. *State v. Johnson*, No. E2008-02555-CCA-R3-CD (Tenn. Crim. App. Oct. 5, 2010) *available at* http://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=27908&Number=True. The TCCA entered an Amended Judgment affirming the judgment of the trial court on October 15, 2010. On December 29, 2010, the TCCA issued a mandate in this case.

Petitioner did not file an application for permission to appeal to the Tennessee Supreme Court, and did not file a petition for writ of certiorari to the United States Supreme Court. Petitioner also did not seek state post-conviction review. Petitioner next filed this petition for federal habeas relief on December 27, 2013.

## II. MOTION FOR PRODUCTION OF DOCUMENTS

Petitioner's motion argues that he was informed that the TCCA's opinion remanding his case for re-sentencing was superseded by a new opinion entered on December 29, 2010 [Doc. 18]. Petitioner asserts that this opinion has not been furnished by Respondent [Doc. 18]. In response, Respondent states that no new opinion and judgment was entered on that date; rather, the only action taken on that date was to issue the mandate effectuating the judgment and terminating the appeal [Doc. 19].

The Court agrees with Respondent. Based on the TCCA's case overview, it does not appear that any new opinion was issued on December 29, 2010. Additionally, in light of the Court's decision to dismiss Petitioner's habeas petition as time-barred, the Court will deny petitioner's motion for production of documents.

3

## III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241 *et. seq.*, imposes a statute of limitations to govern the filing of an application for a federal writ of habeas corpus. The limitations statute provides, in relevant part, that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of ---
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . .
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A), (D).

Here, Petitioner pursued a direct appeal, but did not seek review from the Tennessee Supreme Court or the United States Supreme Court. As such, Petitioner's one-year clock started running sixty days after the TCCA's opinion was entered—the time during which he could have sought review by the Tennessee Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A). Ordinarily, the limitations time is tolled during the time which a properly filed application of state post-conviction or other collateral review is pending, *see* 28 U.S.C. § 2244(d)(2); however, Petitioner did not seek state post-

4

conviction review.  Accordingly, Petitioner's one-year limitations period expired on December 15, 2011.[2]

Petitioner's response to Respondent's motion to dismiss argues that he is not challenging his conviction, but rather, he is contesting the legality of the state's petition to rehear before the TCCA [Doc. 14].  According to Petitioner, after the TCCA's September 15, 2010 opinion, he was taken to the trial court for re-sentencing, and was told by the judge to come back the next week [Doc. 2].  Petitioner argues that he was never returned for re-sentencing, and he had no knowledge of the TCCA's subsequent decision vacating its original remand, and re-instating his twelve-year sentence.  As such, Petitioner claims that he was under the impression that he was serving a six-year sentence and assumed he had a release date of November 2011 [Doc. 2].  Petitioner alleges that he did not realize that he was serving a twelve-year sentence until January 10, 2012.

Under § 2244(d)(1)(D), the Court may consider the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence, as the start date for the purpose of AEDPA's one-year limitation.  Here, the proper would normally be to determine when a reasonable person in Petitioner's circumstances would have discovered the TCCA's amended judgment in the exercise of due diligence.  *See McDonald v. Warden, Lebanon Corr. Inst.*, 482 F. App'x. 22, 29 (6th

---

[2] Respondent calculated Petitioner's one-year limitation period as expiring on November 15, 2011, counting from sixty days after the TCCA's initial judgment and order remanding the case back for re-sentencing.  However, in light of the TCCA's subsequent decision to vacate that order, the Court believes it is appropriate to begin counting from sixty days after the date the superseding amended judgment was entered—i.e., October 15, 2010.

5

Cir. 2012). The Court, however, need not decide due diligence here because even if the Court uses January 10, 2012, as the date Petitioner knew of the factual predicate of his claim, the statute of limitations would have run on January 9, 2013. Petitioner waited over eleven months after this date to file his federal habeas petition.

Therefore, since the § 2254 application was filed after the lapse of the statute of limitation in § 2244(d)(1)(A), it is untimely.

## IV.  EQUITABLE TOLLING

The one-year statute of limitations in AEDPA is not jurisdictional, and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citations omitted). Whether the statute should be equitably tolled depends on whether a petitioner shows that: (1) he has been diligent in pursing his rights; and (2) some extraordinary circumstance stood in his way. *Pave v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Id*. The decision as to whether the statute of limitations should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Petitioner argues that he is entitled to equitable tolling because he was misled by the trial court into believing that he was serving a six-year sentence, as opposed to the twelve-year sentence originally imposed [Doc. 14]. Petitioner also argues his "bad health and other unavoidable circumstances associated with incarceration, prevented [him] from filing his petition for relief before the limitation period had passed" [Doc. 2,

6

at p. 1]. Particularly, Petitioner states that in May 2012, his heart disease worsened, he suffered two heart attacks, and his medical conditions left him without access to legal materials to file his petition [Doc. 14].

"[T]he AEDPA limitations period will only be tolled in 'rare and exceptional circumstances,' and where the petitioner 'demonstrates a causal relationship between the extraordinary circumstances and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (internal citations omitted). The Sixth Circuit has held that incarceration by itself is not an extraordinary circumstance warranting equitable tolling. *See McDonald v. Warden, Lebanon Corr. Inst.*, 482 F. App'x 22, 31 (6th Cir. 2012). Petitioner's bad health is equally not persuasive because Petitioner cannot demonstrate a causal relationship between his health problems, and his failure to file a timely petition. Petitioner claims that his health began deteriorating in May 2012, and that he suffered a heart attack which caused him to be hospitalized on October 7, 2013. However, both of these dates are noticeably outside the statute of limitations period. Even if the Court were to consider Petitioner's January 2012 date, where he claimed to have first realized the TCCA's amended judgment, Petitioner's health problems still began nearly five months later.

Furthermore, the Petitioner cannot show due diligence. Petitioner alleges that he was taken before the trial court for resentencing on October 25, 2010, but was never returned for an actual re-sentencing [Doc. 14]. Petitioner has not identified the steps

7

he took to learn if a new sentence had been imposed, nor does he explain why he did not learn until January 2012 that the TCCA had vacated its September 15, 2010 order. Petitioner bears the burden of showing due diligence, *see McDonald*, 482 F. App'x at 31. Petitioner has failed to meet his burden of proof. It is well established that a "petitioner's lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419. Thus, the Court cannot find that Petitioner has carried his burden of showing his case is one of the exceptional ones where equitable tolling is justified.

**V.    CONCLUSION**

For the reasons stated above, the Court will **DENY** Petitioner's motion for production of documents [Doc. 18], and will **GRANT** Respondent's motion to dismiss [Doc. 11]. Petitioner's petition for a writ of habeas corpus [Doc. 1] will be **DISMISSED** as time-barred under 28 U.S.C. § 2244(d). The Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the Court's procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Therefore, the Court will also **DENY** issuance of a Certificate of Appealability. 28 U.S.C. § 2253.

ORDER ACCORDINGLY

/s/ Pamela L. Reeves
UNITED STATES DISTRICT JUDGE